**RULE 512.  DISPOSITIONAL HEARING**

A. **Manner of [h]Hearing.**  The court shall conduct the dispositional hearing in an **[informal but]** orderly manner.

   1) **Evidence.**  The court shall receive any oral or written evidence from both parties and the juvenile probation officer that is helpful in determining disposition, including evidence that was not admissible at the adjudicatory hearing.

   2) **Opportunity to be heard.**  Before deciding disposition, the court shall give the juvenile and the victim an opportunity to be heard.

   3) **Advanced Communication Technology.**  A court may utilize advanced communication technology pursuant to Rule 129 for the appearance of the juvenile or the witness only if the parties consent.

   4) **Prosecutor's presence.**  The attorney for the Commonwealth shall attend the hearing.

B. **Recording.** The dispositional hearing shall be recorded.

C. **[Duties of the court] Colloquy and Inquiry of Post-Dispositional Rights.**

   **1)** **[The court shall determine on the record that the juvenile has been advised of the following]** After entering disposition on the record, the court shall ensure that an attorney has reviewed the post-dispositional rights colloquy with the juvenile pursuant to paragraph (C)(2) and conduct an independent inquiry to determine whether the juvenile understands:

   **[(1)]** **a)** the right to file a post-dispositional motion;

   **[(2)]** **b)** the right to file an appeal;

   **[(3)]** **c)** the time limits for a post-dispositional motion and appeal;

   **[(4)]** **d)** the right to counsel to prepare the motion and appeal; **and**

   **[(5)]** **e)** the time limits within which the post-dispositional motion shall be decided**[; and]**.

**[6) that issues raised before and during adjudication shall be deemed preserved for appeal whether or not the juvenile elects to file a post-dispositional motion.]**

**2) The colloquy referenced in paragraph (c)(1) shall be:**

    **a)  in writing;**

    **b)  reviewed and completed with the juvenile by an attorney;**

    **c)  submitted to and reviewed by the court; and**

    **d)  substantially in the following form:**

**POST-DISPOSITIONAL RIGHTS COLLOQUY**

| In re | : | JD |
|-------|---|-----|
| (Juvenile) | : | |
| | : | Delinquent Act(s): |
| | : | |
| | : | |
| | : | |

**POST-DISPOSITIONAL RIGHTS COLLOQUY**

1)  **You can disagree with the court's decisions.  You have the right to file a motion.  It must be in writing.  It must be filed within 10 days from today. You can ask your lawyer to file a motion to:**

    a)  **ask the court to change or review its decision finding you delinquent;**

    b)  **ask the court to change  or review its decision to place you in a program or on probation; or**

    c)  **ask the court to change or review its decision to make you to do things on probation (such as paying money, doing community service, taking drug tests, etc.).**

**In other words, you can ask the court to change or review any decision that it has made in your case with which you do not agree.**

**Do you understand this?**

2) **You have the right to have a lawyer help you file your motion. If your lawyer (who is helping you today) cannot or will not file the motion for you, the court will appoint a new lawyer to help you.**

   **Do you understand this?** _____

3) **Here's what could happen if you file a motion:**

   a) **the court could disagree with the motion without having a hearing;**

   b) **the court could agree with the motion without having a hearing; or**

   c) **the court could hold a hearing and then agree or disagree with the motion.**

   **Do you understand this?** _____

4) **If the court disagrees with your motion, you have the right to ask a higher court to look at your case. The higher court would decide if the juvenile court made any mistakes or abused its responsibility when it disagreed with your motion. This is called taking an appeal.**

   **Do you understand this?** _____

5) **You must file your request or appeal in writing. You have 30 days from when the court disagrees with your motion to file it.**

   **Do you understand this?** _____

6) **You have the right to have a lawyer to help you with your appeal. If your lawyer (who is helping you today) cannot or will not file your appeal for you, the court will appoint a new lawyer to help you.**

   **Do you understand this?** _____

7) **You may decide that you would like to take an appeal but do not wish to file a motion. This is called taking a direct appeal. In your direct appeal, you may ask the higher court to decide if the juvenile court was right or wrong in finding you guilty (including what the juvenile judge was or was not allowed to hear) or if the juvenile court made any mistakes or abused its responsibility in anything that the court ordered as your consequences.**

**Do you understand this?** _____

8) **If you wish to take a direct appeal (without filing a motion first) you must file your appeal within 30 days from today (or 30 days from the day that the court decides your consequences).**

   **Do you understand this?** _____

9) **If you admitted to any of the charges, you can only ask the higher court to look at the following issues:**

   a) **whether your admission was voluntary (you made your own decision to admit to a charge. No one forced you to do this. You understood what you were doing, including the consequences.);**

   b) **whether the court was the correct court to hear your case (the court had the authority over your case); or**

   c) **whether the court abused its responsibility or made any mistakes in the things that were ordered as your consequences.**

   **Do you understand this?** _____

10) **It is important that you remember that you have certain time periods to file a motion or an appeal. These are the time periods:**

   a) **You must file your motion within 10 days from today (or the date that the court decides your consequences).**

   b) **You have 30 days from the date that the court disagreed with your motion to file your appeal with the higher court.**

   c) **If you do not file a motion, you must file your appeal to the higher court within 30 days from today (or the date that the court decides your consequences).**

   **Do you understand this?** _____

**I promise that I have read this whole form or someone has read this form to me. I understand it. The signature below and on each page of this form are mine.**

_____
**Juvenile**

_____

**Date**

**I,** _____ **, lawyer for the juvenile, have reviewed this form with my client. My client has told me that he or she understands this form.**

_____

**Lawyer for Juvenile**

_____

**Date**

D. **Court's [f]Findings.** The court shall enter its findings and conclusions of law into the record and enter an order pursuant to Rule 515. On the record in open court, the court shall state:

1) its disposition;

2) the reasons for its disposition;

3) the terms, conditions, and limitations of the disposition; and

4) if the juvenile is removed from the home:

    a) the name or type of any agency or institution that shall provide care, treatment, supervision, or rehabilitation of the juvenile, and

    b) its findings and conclusions of law that formed the basis of its decision consistent with 42 Pa.C.S. §§ 6301 and 6352, including why the court found that the out-of-home placement ordered is the least restrictive type of placement that is consistent with the protection of the public and best suited to the juvenile's treatment, supervision, rehabilitation, and welfare;

5) whether any evaluations, tests, counseling, or treatments are necessary;

6) any findings necessary to ensure the stability and appropriateness of the juvenile's education, and when appropriate, the court shall appoint an educational decision maker pursuant to Rule 147; and

7) any findings necessary to identify, monitor, and address the juvenile's needs concerning health care and disability, if any, and if parental consent cannot be obtained, authorize evaluations and treatment needed.

## COMMENT

Any persons may be subpoenaed to appear for the hearing. *See* Rule 123 and 42 Pa.C.S. § 6333. However, nothing in these rules requires the attendance of the victim unless subpoenaed. If the victim is not present, the victim is to be notified of the final outcome of the proceeding. *See* Victim's Bill of Rights, 18 P.S. § 11.201 *et seq*.

Under paragraph (A)(2), prior to deciding disposition, the court is to give the victim an opportunity to submit an oral and/or written victim-impact statement if the victim so chooses.

Before deciding disposition, the court may hear oral argument from the parties' attorneys.

To the extent practicable, the judge or juvenile court hearing officer that presided over the adjudicatory hearing for a juvenile should preside over the dispositional hearing for the same juvenile.

Pursuant to paragraph (C)**(1)**, the court is to **[advise the juvenile of his or her appellate rights orally in the courtroom on the record. The court is to]** explain the right to retain private counsel or be appointed counsel for **a post-dispositional motion or** an appeal if a juvenile is without counsel. *See* 42 Pa.C.S. § 6337; *see also* Rule 150(B) for duration of counsel and Rule 151 for assignment of counsel.

**Pursuant to paragraph (C)(2), the post-dispositional rights colloquy should be substantially in this form. The statements contained are the minimum; a judicial district may choose to add requirements to its form. Any addition to the required form is considered a local rule and the procedures of Pa.R.J.A. No. 103(d) are to be followed if a judicial district chooses to make additions.**

**The post-dispositional rights form can be downloaded from the Supreme Court's webpage at http://www.pacourts.us/forms/juvenile-delinquency-forms. The form is also available in Spanish.**

Pursuant to paragraph (D), when the court has determined the juvenile is in need of treatment, supervision, and rehabilitation, the court is to place its findings and conclusions of law on the record by announcing them orally in the courtroom, followed by written order. The court is to consider the following factors: a) the protection of the community; b) the treatment needs of the juvenile; c) the supervision needs of the juvenile; d) the development of competencies to enable the juvenile to become a responsible and productive member of the community; e) accountability for the offense(s) committed; and f) any other factors that the court deems appropriate.

Nothing in this rule is intended to preclude the court from further explaining its findings in the dispositional order pursuant to Rule 515.

Pursuant to paragraph (D)(4), when out-of-home placement is necessary, the court is to explain why the placement is the least restrictive type of placement that is consistent with the protection of the public and the rehabilitation needs of the child. *See* 42 Pa.C.S. § 6352. **The court should also explain to the juvenile the availability of review of the out-of-home placement pursuant to Pa.R.A.P. 1770.**

Pursuant to paragraph (D)(6), the court should address the juvenile's educational needs. The court's order should address the right to: 1) an educational decision maker pursuant to Rule 147, 42 Pa.C.S. § 6301, 20 U.S.C. § 1439(a)(5), and 34 C.F.R. § 300.519; and 2) an appropriate education, including any necessary special education or remedial services, 24 P.S. §§ 13-1371, 13-1372, 55 Pa. Code § 3130.87, and 20 U.S.C. § 1400 *et seq*.

The court should also address the juvenile's needs concerning health care and disability. The court's order should address the right of: 1) a juvenile to receive timely and medically appropriate screenings and health care services, 55 Pa. Code § 3800.32 and 42 U.S.C. § 1396d(r); and 2) a juvenile with disabilities to receive necessary accommodations, 42 U.S.C. § 12132, 28 C.F.R. § 35.101 *et seq*., Section 504 of the Rehabilitation Act of 1973, *as amended*, 29 U.S.C. § 794, and implementing regulations at 45 C.F.R. § 84.1 *et seq*.

Pursuant to the Juvenile Act, the court has authority to order a physical or mental examination of a juvenile and medical or surgical treatment of a minor, who is suffering from a serious physical condition or illness which requires prompt treatment in the opinion of a physician. The court may order the treatment even if the guardians have not been given notice of the pending hearing, are not available, or without good cause inform the court that they do not consent to the treatment. 42 Pa.C.S. § 6339(b).

*See* Rule 127 for recording and transcribing of proceedings.

*See* Rule 136 for *ex parte* communications.

**Official Note:** Rule 512 adopted April 1, 2005, effective October 1, 2005. Amended May 17, 2007, effective August 20, 2007. Amended April 21, 2011, effective July 1, 2011. Amended April 29, 2011, effective July 1, 2011. Amended May 16, 2011, effective July 1, 2011. Amended May 26, 2011, effective July 1, 2011. Amended July 18, 2012, effective October 1, 2012. **Amended May 11, 2017, effective October 1, 2017.**

*Committee Explanatory Reports:*

Final Report explaining the provisions of Rule 512 published with the Court's Order at 35 Pa.B. 2214 (April 16, 2005). Final Report explaining the amendments to Rule 512 published with the Court's Order at 37 Pa.B. 2506 (June 2, 2007). Final Report explaining the amendments to Rule 512 published with the Court's Order at 41 Pa.B. 2319 (May 7, 2011). Final Report explaining the amendments to Rule 512 published with the Court's Order at 41 Pa.B. 2413 (May 14, 2011). Final Report explaining the amendments to Rule 512 published with the Court's Order at 41 Pa.B. 2684 (May 28, 2011). Final Report explaining the amendments to Rule 512 published with the Court's Order at 41 Pa.B. 3180 (June 25, 2011). Final Report explaining the amendments to Rule 512 published with the Court's Order at 42 Pa.B. 4909 (August 4, 2012). **Final Report explaining the amendments to Rule 512 published with the Court's Order at     Pa.B.     (     , 2017).**

**RULE 610.  DISPOSITIONAL AND COMMITMENT REVIEW**

A. **Dispositional Review Hearing.**  The court shall review its disposition and conduct dispositional review hearings for the purpose of ensuring that the juvenile is receiving necessary treatment and services and that the terms and conditions of the disposition are being met.

   1) In all cases, the court shall conduct dispositional review hearings at least every six months.

   2) In all cases, the juvenile shall appear in person at least once a year.

   3) The court may schedule a review hearing at any time.

B. **Change in [d]Dispositional [o]Order.**  Whenever there is a request for a change in the dispositional order, other than a motion to revoke probation as provided in Rule 612, notice and an opportunity to be heard shall be given to the parties and the victim.

   1) The juvenile may be detained pending a court hearing.

   2) A detention hearing shall be held within seventy-two hours of the juvenile's detention, if detained.

   3) The juvenile shall be given a statement of reasons for the discharge from a placement facility or request for change in the dispositional order.

   4) A review hearing shall be held within twenty days of the discharge from the placement facility or request for change in the dispositional order.

C. **Advanced Communication Technology.**  A court may utilize advanced communication technology pursuant to Rule 129 for a juvenile or a witness unless good cause is shown otherwise.

**D.  Post-Dispositional Rights.  A colloquy and inquiry of post-dispositional rights shall be conducted when a juvenile is aggrieved by a change in the dispositional order.**

## COMMENT

At any hearing, if it is determined that the juvenile is in need of an educational decision maker, the court is to appoint an educational decision maker pursuant to Rule 147.

Under paragraph (A), the court is to conduct dispositional review hearings as frequently as necessary to ensure that the juvenile is receiving necessary treatment and services and that the terms and conditions of the disposition are being met. *See* Rule 800.

When conducting a dispositional review hearing, the court is to ensure that the disposition continues to provide balanced attention to the protection of the community, the imposition of accountability for offenses committed, and the development of competencies to enable the juvenile to become a responsible and productive member of the community.

Nothing in this rule prohibits the juvenile from requesting an earlier review hearing. The juvenile may file a motion requesting a hearing when there is a need for change in treatment or services.

Additionally, nothing in this rule is intended to prohibit the emergency transfer of a juvenile from a placement facility to a detention facility pending reconsideration of the dispositional order and this rule is not intended to preclude a motion for modification of a dispositional order after the juvenile has been detained.

Under paragraph (B), the attorney for the Commonwealth or its designee is to notify the victim of the date, time, place, and purpose of the review hearing. Prior to ordering the change in the dispositional order, the court is to give the victim an opportunity to submit an oral and/or written victim-impact statement if the victim so chooses. *See* Victim's Bill of Rights, 18 P.S. § 11.201 *et seq*.

Any persons may be subpoenaed to appear for the hearing. *See* Rule 123 and 42 Pa.C.S. § 6333. However, nothing in these rules requires the attendance of the victim unless subpoenaed. If the victim is not present, the victim is to be notified of the final outcome of the proceeding.

Some placement facilities are hours away from the dispositional court. Paragraph (C) allows a hearing to be conducted via teleconferencing, two-way simultaneous audio-visual communication, or similar method. The juvenile is to be afforded all the same rights and privileges as if the hearing was held with all present in the courtroom.

If a juvenile is detained or placed, the juvenile is to be placed in a detention facility or placement facility, which does not include a county jail or state prison. *See* Rule 120 and its *Comment* for definitions of "detention facility" and "placement facility."

**For the colloquy and inquiry of post-dispositional rights, see Rule 512(C). If a change in disposition results in an out-of-home placement, then the court**

**should also explain to the juvenile the availability of review of the out-of-home placement pursuant to Pa.R.A.P. 1770.**


      **Official Note:**  Rule 610 adopted April 1, 2005, effective October 1, 2005. Amended December 30, 2005, effective immediately.  Amended April 21, 2011, effective July 1, 2011.  Amended April 29, 2011, effective July 1, 2011.  Amended May 26, 2011, effective July 1, 2011.  Amended June 28, 2013, effective immediately.  **Amended May 11, 2017, effective October 1, 2017.**

*Committee Explanatory Reports:*

    Final Report explaining the provisions of Rule 610 published with the Court's Order at 35 Pa.B. 2214 (April 16, 2005).  Final Report explaining the revisions of Rule 610 published with the Court's Order at 36 Pa.B. 186 (January 14, 2006).  Final Report explaining the amendments to Rule 610 published with the Court's Order at 41 Pa.B. 2319 (May 7, 2011).  Final Report explaining the amendments to Rule 610 published with the Court's Order at 41 Pa.B. 2413 (May 14, 2011).  Final Report explaining the amendments to Rule 610 published with the Court's Order at 41 Pa.B. 3180 (June 25, 2011).  Final Report explaining the amendments to Rule 610 published with the Court's Order at 43 Pa.B. 3839 (July 13, 2013).  **Final Report explaining the amendments to Rule 610 published with the Court's Order at    Pa.B.   (   , 2017).**

## RULE 612.  MODIFICATION OR REVOCATION OF PROBATION

A. **Filing.**  A motion to modify or revoke probation shall be filed in accordance with Rule 345.

B. **Time of Hearing on the Motion.**

   1) If the juvenile is detained, the hearing on the motion shall be held within ten days of the detention hearing.

   2) If the juvenile is not detained, the hearing on the motion shall be held promptly.

C. **Modification.**  If the court modifies the dispositional order, the court shall state the grounds for the modification and shall issue a new dispositional order in accordance with Rule 515.

D. **Advanced Communication Technology.**   A court may utilize advanced communication technology pursuant to Rule 129 for a juvenile or a witness unless good cause is shown otherwise.

E. **<u>Post-Dispositional Rights.  A colloquy and inquiry of post-dispositional rights shall be conducted when a juvenile is aggrieved by a change in the dispositional order.</u>**

### COMMENT

A juvenile should be afforded due process before probation can be revoked.  *Cf. Gagnon v. Scarpelli*, 411 U.S. 778 (1973); *Morrissey v. Brewer,* 408 U.S. 471 (1972).  A juvenile's probation cannot be revoked simply on the grounds of hearsay evidence.  *In re Davis,* 586 A.2d 914 (Pa. 1991).

If a juvenile is over the age of eighteen, under the age of twenty-one, and is alleged to have violated the terms of probation, the juvenile, if detained, is to be placed in a detention facility.  *See* Rule 120 and its *Comment* for definitions of "detention facility," which does not include a county jail or state prison, and "juvenile," which includes a person who has attained ten years of age and is not yet twenty-one years of age who is alleged to have committed a delinquent act before reaching eighteen years of age or who is alleged to have violated the terms of juvenile probation prior to termination of juvenile court supervision.

For detention procedures, see Rules 240 through 243.

For dispositional orders, see Rule 515.

For the use of advanced communication technology, see Rule 129.

**For the colloquy and inquiry of post-dispositional rights, see Rule 512(C). If a change in disposition results in an out-of-home placement, then the court should also explain to the juvenile the availability of review of the out-of-home placement pursuant to Pa.R.A.P. 1770.**

**Official Note:** Rule 612 adopted April 1, 2005, effective October 1, 2005. Amended March 5, 2013, effective immediately. Amended June 28, 2013, effective immediately. **Amended May 11, 2017, effective October 1, 2017.**

*Committee Explanatory Reports:*

Final Report explaining the amendments to Rule 612 published with the Court's Order at 43 Pa.B. 1551 (March 23, 2013). Final Report explaining the amendments to Rule 612 published with the Court's Order at 43 Pa.B. 3839 (July 13, 2013). **Final Report explaining the amendments to Rule 612 published with the Court's Order at     Pa.B.     (     , 2017).**